UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BETTY CATER,

Plaintiff,

- against -                                                    **COMPLAINT**

THE COUNTY OF NASSAU, NASSAU
COUNTY POLICE DEPARTMENT, POLICE
OFFICER MICHAEL SHANNON (Shield No.
4421),  POLICE OFFICER ANTHONY J.
CATINELLA (Shield No. 4707) LT. DANIEL
DECASTRO and JOHN DOE POLICE
OFFICERS 1-3

Defendants.
----------------------------------------------------------------X

Plaintiff Betty Cater, by her attorney, Lonnie Hart Jr., hereby alleges upon

information and belief as follows:

PARTIES, VENUE and JURISDICTION

1.    At all times hereinafter mentioned, the aforementioned plaintiff

was an adult resident of Nassau County, in the State of New

York.

2.    At all relevant times hereinafter mentioned, defendant Nassau

County was and is a municipal corporation duly organized and

existing under and by virtue of the laws of the State of New

York and acts by and through its agencies, employees and agents,

including, but not limited to, the Nassau County Police

Department ("NCPD"), and their employees.

3. At all times hereinafter mentioned, defendant Police Officer Michael Shannon (Shannon), was employed by Nassau County as a member of the NCPD. Defendant Shannon is sued herein in his official and individual capacities.

4. At all times hereinafter mentioned, defendant Police Officer Anthony J. Catinella (Catinella), was employed by Nassau County as a member of the NCPD. Defendant Cantinella is sued herein in his official and individual capacities.

5. At all times hereinafter mentioned, defendant Lt. Daniel Decastro (Decastro) was employed by Nassau County as a member of the NCPD, specifically as a lieutenant. Upon information and belief, Defendant Lt. Daniel Decastro was the supervisor of Defendant Police Officers Shannon and Catinella on the date in question. Defendant Lt. Daniel Decastro is sued herein in his official and individual capacities.

6. At all times hereinafter mentioned, defendants John and Jane Does 1-3 were employed by the County of Nassau as members of the NCPD, but whose identities are not presently known to the plaintiff.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendantNassau County reside, and where the majority of the actions complained of herein occurred.

**RELEVANT  FACTS**

8.      On or about September 1, 2024, the plaintiff was legally parked in her vehicle in front of 21 East Clinton Avenue, Roosevelt New York, a property she has owned for many years.

9.      Upon information and belief the plaintiff was present at the location because she was informed by a neighbor the property was being broken into.

10.      Ironically, it was the plaintiff who called the defendant police officers to the scene.

11.      The first officers to arrive at scene were professional and respectful. They advised the plaintiff to wait inside of her car for her own safety and she complied.

12.      Later on, the defendant officers arrived at the scene and for some unknown reason and ordered the plaintiff to get out of her vehicle.

13.      The plaintiff tried to explain to the the defendant officers that the first officers on the scene told her to stay in her car. She advised the defendants to consult with their fellow officers. Instead, the defendants cursed at the plaintiff to get her ass out of the car and threatened her with arrest. When plaintiff questioned what she would be arrested for she was told they didn't have to tell her.

14.      Eventually the defendants yanked open the door to plaintiff's vehicle and dragged her out of the vehicle by her feet causing her to fall on the ground injuring herself. Plaintiff was wearing dress and her body was exposed in public due to the

assaultive actions of the defendants.

15. The fall to the ground chipped three of the plaintiff's teeth.

16. The defendant placed his knee in the plaintiff's back and violently jerked her arms in an attempt to handcuff her.

17. The false arrest was so violent, other officers intervened to stop it.

18. The plaintiff was taken by ambulance to Nassau University Medical Center where she was admitted for four days with injuries to her arms, back, shoulders and knees.

19. It should be noted plaintiff was **80 years old** at the tine of the incident.

20. Plaintiff did not assault or threaten any officer, and did not violate, appear to violate, attempt to violate, or appear to attempt to violate any laws during this interaction despite the threatening and illegal behavior of the defendant officers.

21. At no time was there any basis for any of the defendants to utilize any force against the plaintiff, much less the force that was actually used, nor was there any basis for the defendants to believe that such force was reasonable or necessary.

22. Other police officers whose identities are not presently known to the plaintiff arrived during the course of this assault on plaintiff. These included at least one uniformed supervisory officer who is believed to hold the rank of lieutenant or higher. This belief is based on the fact that the officer was wearing a white shirt as part of his uniform.

23. While plaintiff was in defendants' custody following her arrest, the defendants completed, or caused to be completed, arrest paperwork in which one or more

of the defendants falsely claimed, at least in part, that plaintiff punched defendant Shannon in the face and resisted arrest.

24. The defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the Nassau County District Attorney's office ("NCDA").

25. The purpose of transmitting the documentation concerning plaintiff's arrest to the NCDA was to ensure that the NCDA would initiate plaintiff's criminal prosecution.

26. Defendant Catinella and defendant Shannon are believed to have spoken with a member of the NCDA while plaintiff was still in defendants' custody, during which they repeated these materially false allegations about the circumstances surrounding plaintiff's arrest.

27. Based entirely on the defendants materially false communications, the NCDA drafted a criminal complaint for the signature of defendant Catinella, who was the arresting officer.

28. In that criminal complaint, sworn to on September 1, 2024, defendant Catinella swore that he observed plaintiff drive her vehicle in his direction and observed her punch defendant Shannon in the face.

29. The plaintiff was then arraigned docket number CR-380638-24NA on charges of assault in the second degree, a class "D" violent felony, Obstructing Governmental Administration and Resisting Arrest, both class "A" misdemeanors.

30.     On or about August 29, 2025, all charges against the plaintiff were dismissed and sealed..

31.     At no time on September 1, 2024, did the plaintiff punch defendant Shannon in the face or engage in criminal or unlawful conduct.

32.     The interaction between the defendants and the plaintiff was initiated by the defendants, and escalated and exacerbated by their unwarranted and aggressive conduct.

33.     To the extent that any of the Doe defendants did not participate personally in the arrest of the plaintiff or the use of force against plaintiff or the communication with the NCDA, each such defendant was present for the arrest and failed to intervene or otherwise attempt to protect plaintiff from being physically harmed, arrested without adequate legal cause, or wrongly prosecuted as a result.

34.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were performed jointly and collectively, and in furtherance of the COUNTY OF NASSAU's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(Excessive Force Pursuant to 42 USC §1983
against the Individual Defendants)

35.     Plaintiff repeats the preceding allegations as though stated fully herein.

36.     The defendants use of force, including, but not limited to, forcibly taking plaintiff to the ground, and violently yanking her arms while she was lying on

the ground prone and in handcuffs, was objectively unreasonable and caused plaintiff to suffer injury.

44.    To the extent that any of the individual defendants did not physically participate in the unconstitutional use of force against the plaintiff, each such person was aware that the force would be and was being used and failed to intervene to protect plaintiff.

45.    The individual defendants, individually and collectively, subjected plaintiff to excessive force in violation of the plaintiff's rights under the Fourth Amendment to the United States Constitution.

46.    By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of his constitutional rights.

### SECOND CAUSE OF ACTION

(False Arrest Pursuant to 42 USC §1983
against the Individual Defendants)

47.    Plaintiff repeats the preceding allegations as though stated fully herein.

48.    The defendants seized and took plaintiff into custody without sufficient legal cause or any reasonable basis to believe that such cause existed.

49.    Any conflict between plaintiff and the defendants was caused and brought about by the defendants' own misconduct.

50.    To the extent that any of the individual defendants did not physically participate in the unconstitutional seizure of the plaintiff, each such person was aware

aware that the seizure was occurring or had occurred, and failed to intervene to otherwise protect plaintiff.

51. The individual defendants, individually and collectively, subjected plaintiff to false arrest in violation of the plaintiff's rights under the Fourth Amendment to the United States Constitution.

52. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

(Denial of a Fair Trial/Fabricated Evidence  Pursuant
to 42 USC §1983 against the Individual Defendants)

53. Plaintiff repeats the preceding allegations as though stated fully herein.

54. The defendants fabricated evidence against the plaintiff by falsely claiming that plaintiff punched defendant Shannon in the face and by crafting a false narrative about the events surrounding the arrest.

55. The fabricated evidence consisted of materially false factual claims.

56. The defendants communicated this false narrative to the NCDA.

57. The NCDA commenced the criminal prosecution of plaintiff based on the fabricated evidence communicated by the defendants.

58. The plaintiff suffered a deprivation of her liberty by virtue of the defendants' fabrication of evidence.

59. To the extent that any of the individual defendants did not directly

participate in the fabrication of evidence or the communication of the fabricated evidence to the NCDA, each such person was or should have been aware that this constitutional violation was occurring and failed to intervene to protect plaintiff.

60.     The individual defendants, individually and collectively, subjected plaintiff to the denial of a fair trial in violation of the plaintiff's rights under the Fourth, Sixth, and/or Fourteenth Amendments to the United States Constitution.

61.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of her constitutional rights.

### FOURTH CAUSE OF ACTION

(Malicious Prosecution Pursuant to 42 USC §1983
against the Individual Defendants)

62.     Plaintiff repeats the preceding allegations as though stated fully herein.

63.     The defendants caused, initiated, or otherwise brought about the plaintiff's criminal prosecution.

64.     There was no probable cause for plaintiff's prosecution, and defendants knew that they lacked probable cause for the plaintiff's prosecution.

65.     The defendants' actions in bringing about plaintiff's prosecution were intentional and malicious and caused the plaintiff to suffer a deprivation of his liberty.

66.     The criminal prosecution was terminated in plaintiff's favor.

67.     To the extent that any of the individual defendants did not directly

participate in the above malicious prosecution, each such person was aware that the plaintiff was being maliciously prosecuted and failed to intervene or otherwise protect plaintiff.

68. The individual defendants, individually and collectively, caused plaintiff to be maliciously prosecuted in violation of the plaintiff's rights under the Fourth Amendment to the United States Constitution.

69. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of his constitutional rights.

## FIFTH CAUSE OF ACTION

(State Law Claims for Excessive Force, Assault, and Battery
Against the COUNTY OF NASSAU and the Individual
Defendants)

70. Plaintiff repeats the preceding allegations as though stated fully herein.

71. The individual defendants, including the Doe defendants, threatened plaintiff with the use of physical force, dragged her out of her vehicle by her legs causing her to fall to the ground and violently twisted her arms while handcuffing her and other physical force, without justification or legally sufficient cause, or any reasonable basis to believe that this use of force was reasonable or justified.

72. The individual defendants, including the Doe defendants, are liable to plaintiff under state law, for the use of excessive force and for assault and battery.

73. The municipal defendant, the COUNTY OF NASSAU, is vicariously liable for the acts of the individual defendants, who were at all relevant times herein

acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

74.     By reason thereof, the COUNTY OF NASSAU and the individual defendants have caused the plaintiff to suffer emotional and physical injuries, mental anguish, and the deprivation of her liberty, as well as the loss of his civil rights, in an amount in excess of the jurisdictional minimum of this Court.

[Remainder of Page Intentionally Blank]

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

      i.      actual and punitive damages against the individual defendants in an amount to be determined at trial;

      ii.     actual damages in an amount to be determined at trial against the COUNTY OF NASSAU;

      iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988  and expenses and costs of the action;

      iv.    an order issued by this Court expressly restraining each individual defendant found liable from engaging in further conduct in violation of Administrative Code §8-802, as required under New York City Administrative Code §8-805(a)(3); and,

      v.     such other relief as the Court deems just and proper.

Dated:   Brooklyn New York
          March 17, 2026

LONNIE HART JR. P.C.
Attorneys for BETTY CATER

*Lonnie Hart Jr.*
_____
Lonnie Hart Jr. Esq.
32 Court Street Suite 904
Brooklyn New York 11201
(718)246-8200